UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

YVETTE GRIFFIN, on behalf of herself
and all other similarly situated,

      Plaintiff,

v

ROI CAPITAL LLC and MATTHEW
LARSON,

      Defendants.

Case No. 2:25-cv-11460

HON. MATTHEW F. LEITMAN

---

Ronald S. Weiss (P48762)
7035 Orchard Lake Road, Suite 350
West Bloomfield, MI 48322
(248) 737-8000
ron@ronweissattorney.com

Brandon M. H. Schumacher (P82930)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendants
313 S. Washington Square
Lansing, MI 48933
(517) 371-8255
bschumacher@fosterswift.com

---

**DEFENDANTS ROI CAPITAL LLC AND MATTHEW LARSON'S
ANSWER, AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY
DEMAND**

## ANSWER

Defendants ROI Capital LLC ("ROI") And Matthew Larson, (collectively, "Defendants"), by and through their attorneys, Foster, Swift, Collins & Smith, P.C., answer Plaintiff Yvette Griffin's Complaint as follows:

### Nature of this Action

1.     Yvette Griffin ("Plaintiff"), individually and on behalf of all others similarly situated, bring this class action against ROI Capital LLC ("ROI") and Matthew Larson (together, "Defendants") under the Telephone Consumer Protection Act ("TCPA").

**<u>ANSWER</u>: Defendants neither admit nor deny the allegations contained in paragraph 1 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs.**

2.     Upon information and belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

**<u>ANSWER</u>: The allegations contained in paragraph 2 of the Complaint are denied as untrue.**

1

## Parties

3.      Ms. Griffin is a natural person who resides in the City of Eastpointe, County of Macomb, and State of Michigan.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 3 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs.**

4.      ROI is an Iowa limited liability company that runs a marketing and real estate business headquartered in Milan, Illinois, but primarily based in Iowa.

**ANSWER: Defendants admit the allegations contained in paragraph 4 of the Complaint to the extent they allege ROI is a foreign limited liability company. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

5.      Mr. Larson is the sole owner and manager of ROI and is a self-proclaimed real estate investor and wholesaler.

**ANSWER: Defendants admit the allegations contained in paragraph 5 of the Complaint to the extent they allege Mr. Larson is the sole owner and manager of ROI, and that he is a real estate investor and wholesaler. To**

whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

6.     Mr. Larson is a resident of Bettendorf, Iowa.

**ANSWER**: **Defendants admit the allegations contained in paragraph 6 of the Complaint to the extent they allege Mr. Larson is a resident of Bettendorf, Iowa. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

### Jurisdiction and Venue

7.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

**ANSWER**: **The allegations contained in paragraph 7 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 7 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

8.      Venue is proper before this Court under to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district and a significant portion of the transactions giving rise to this action occurred in this district.

**ANSWER: The allegations contained in paragraph 8 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 8 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

9.      In particular, Defendants directed their text messages to Plaintiff's telephone in this district, and Plaintiff received those messages in this district.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 9 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

10.     Plaintiff is and has been at all times relevant to this action, the regular and sole user of her cellular telephone number— (313) 282-XXXX.

4

**ANSWER**: **Defendants neither admit nor deny the allegations contained in paragraph 10 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

11.     Plaintiff uses her cellular telephone as her personal residential telephone number.

**ANSWER**: **Defendants neither admit nor deny the allegations contained in paragraph 11 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

12.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

**ANSWER**: **The allegations contained in paragraph 12 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is**

**required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 12 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

13.     Plaintiff registered her cellular telephone number with the DNC Registry on December 14, 2004, and has maintained that registration through the present date.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 13 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

14.     Starting in February 2025, Plaintiff received at least four text messages from (213) 386-0044 or (313) 447-1573, seeking to solicit Plaintiff to "turn [her] equity into cash" and either sell her home or use the seller's services in the sale of her home:

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 14 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

15. Plaintiff did not recognize the sender, is not selling her home, and was not looking to sell her home.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 15 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

16. Plaintiff did not request any real estate services discussed in the subject text messages.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 16 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of**

this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

17.     Upon information and belief, ROI is a real estate investor that seeks to solicit homeowners to sell their property to ROI, or use ROI's real estate services in a real estate property sale transaction.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 17 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

18.     In doing so, ROI offers to purchase homeowners' properties for cash, offering to take care of all aspects of the transaction to facilitate a quick transaction without the need for a real estate agent or MLS listing.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 18 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

8

19. Upon information and belief, in exchange for providing these services, ROI pays substantially below fair market value for the homes it seeks to purchase, and thereafter remarkets the property to third-party investors or purchasers.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 19 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

20.    In other words, ROI is a real estate wholesaler, which is a commonly-used strategy to (1) persuade a homeowner to sell their home to the wholesaler at a substantial discount below fair market value, in exchange for a suite of services to ease the sale, then (2) prior to completing the purchase, remarket the property to third-party purchasers or investors, in order to (3) assign or sell the contract to that investor for a substantial premium, thereby allowing the investor to step into ROI's shoes and acquire the house instead, with the difference in price solely allocated to ROI as profit, instead of the homeowner.

**ANSWER: The allegations contained in paragraph 20 of the Complaint are denied as untrue.**

21.    As explained by Mr. Larson, "wholesaling" is "find[ing] a house that you can buy at a discount and make and [sic] an offer that gets accepted (usually at a big discount)" where you then "find a cash buyer and either sell them your signed contract (Assignment) or you buy and sell the home on the same day (Double Close

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 21 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendant, they are denied as untrue.**

22.    ROI's barebones website—https://www.realestatematt.com/opt-in-real-estate-matt-1—represents that the entity offers an opportunity to "SELL YOUR HOUSE FAST With ROI CAPITAL LLC" and that, in doing so, "We'll handle all necessary repairs. We buy houses in 'As Is' Condition. Get an all CASH offer now! We close rapidly. No closing costs. No realtors. No hassles."

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants**

do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 22 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendant, they are denied as untrue.

23.     That URL is, itself, a part of https://www.realestatematt.com/, a website which promotes Mr. Larson's real estate wholesaling education business, real estate software packages, and services to automate real estate transactions and acquisitions through the use of virtual assistants provided by Mr. Larson.

**ANSWER**: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 23 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendant, they are denied as untrue.

24.    In other words, Mr. Larson seeks to provide operational support to third parties to "automate" real estate wholesaling, by way of cold-calling campaigns in open disregard of the TCPA and the DNC Registry.

**ANSWER: The allegations contained in paragraph 24 of the Complaint are denied as untrue.**

25.    Mr. Larson touts his credibility by noting that he is actively engaging in this process: "I've done over 4000 real estate deals in my 18-year career. Not a decade ago... Not 2 years ago... I'm doing deals right now."

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 25 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendant, they are denied as untrue.**

26.    Upon information and belief, Mr. Larson does these "deals right now" through ROI.

**ANSWER**: Defendants neither admit nor deny the allegations contained in paragraph 26 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

27.    Defendants maintain a number of other websites, including https://www.mattneedshouses.com/, where ROI (and Mr. Larson) purport to help homeowners sell their houses' fast, and, upon information and belief, will handle everything necessary to effectuate the sale.

**ANSWER**: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 27 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendant, they are denied as untrue.

28.    Additionally, Defendants will provide real estate advice to homeowners even if they do not choose to transact with Defendants.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 28 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendant, they are denied as untrue.**

29.    Upon information and belief, ROI seeks to supplant the role of a traditional real estate agent while providing the same services as a real estate agent, and in exchange for doing so, is compensated by obtaining a homeowner's property at a reduced price, and thereafter selling it at an inflated price.

**ANSWER: The allegations contained in paragraph 29 of the Complaint are denied as untrue.**

30.    As part of these efforts, ROI necessarily offers to pair numerous services offered by a real estate agent—appraising the fair market value of the property, arranging for title and escrow services, and finding interested third-party

14

purchasers, akin to a conventional real estate agent—with its communications to Plaintiff.

**ANSWER: The allegations contained in paragraph 30 of the Complaint are denied as untrue.**

31.    As a result, ROI would be (and, upon belief and information, is) compensated for its services in an analogous manner to a real estate agent: after providing services to facilitate the transaction, it receives compensation from the proceeds related to the buying or selling of a home.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 31 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

32.    In other words, although Defendants may suggest that such appraisal, escrow, title, and marketing services are "free," those services are, instead, baked into the discount Defendants offer for the property, by reducing their offers to homeowners in exchange for those services, and thereafter either (1) assigning the contract to purchase the property at that discounted rate to a third-party purchaser for a fee; or (2) purchasing the property at the discounted rate and then reselling it

*the very same day* to a third-party purchaser for its "true" value, collecting all of the profit for Defendants, rather than the homeowner.

**ANSWER**: **The allegations contained in paragraph 32 of the Complaint are denied as untrue.**

33.     On his Instagram page, Mr. Larson exemplifies this through his promotion of virtual assistants—which he provides—to negotiate down purchase prices in his agreements with the consumers that Defendants contact via their telemarketing campaign.

**ANSWER**: **The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 33 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendant, they are denied as untrue.**

34.     In fact, Mr. Larson touts that in his wholesaling endeavors, he touts doing thousands of assignment or resale deals with average assignment fees around $17,000 or $18,000.

**ANSWER**: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 34 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

35.     In that same video, Mr. Larson touts acquiring and then assigning 252 real estate properties in Detroit in a single day.

**ANSWER**: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 35 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

17

36.     Mr. Larson even touted that, when he contacted homeowners in vulnerable financial situations to acquire their property for resale or reassignment, it was "like taking candy from a baby.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 36 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

37.     Plaintiff did not give ROI prior express consent or prior express written consent to send text messages to her cellular telephone number.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 37 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

18

38.      In fact, Defendants implicitly acknowledge the lack of consent in their communications—which inquire as to whether Plaintiff was interested in engaging in a real estate transaction without Plaintiff first expressing interest—and via numerous materials disclosed by Mr. Larson.

**ANSWER: The allegations contained in paragraph 38 of the Complaint are denied as untrue.**

39.      In fact, Defendants implicitly acknowledge the lack of consent in their communications—which inquire as to whether Plaintiff was interested in engaging in a real estate transaction without Plaintiff first expressing interest—and via numerous materials disclosed by Mr. Larson.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 39 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

40.     Mr. Larson continues to tout this real estate cold-call text messaging campaign in explicit detail, encouraging stating "[s]imply put...sending texts to homeowners can radically increase the number of houses you buy and sell," and offering "Guaranteed lead flow: On average for 5000 texts you can expect to receive 25-50 leads, ensuring a steady stream of potential leads for your business.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 40 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

41.     He, through one of his other entities, even offers "data packages" of skip-traced records, which he touts as "the best data available backed by the power of A.I. to target the homeowners looking to sell now.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the**

**meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 41 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

42.     Mr. Larson also expressly discusses how to optimize cold-calling results through his methodology.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendant do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 42 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

43.     This includes using services touted by Mr. Larson to "direct skip seller leads" by filtering real estate records based on various criteria, including criteria such as indicia that the owner maybe behind on mortgage payments or tax payments.

21

**ANSWER**: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 43 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

44.     Mr. Larson's video proceeds to explain that, once these criteria are applied, a user (such as ROI) would skip-trace those results to begin a telemarketing campaign absent prior express written consent.

**ANSWER**: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 44 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To

**whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

45.     In another interview, Mr. Larson explains in detail his use of harassing cold-call communications via conventional mail, ringless voicemails, and text messages, using skip-traced leads tied to suspected homeowners of properties he is interested in acquiring, irrespective of any prior express written consent or the homeowner's status on the DNC Registry

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 45 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

46.     In blunt terms, Defendants are engaging in widespread and brazen violations of the TCPA, and Mr. Larson is actively encouraging others to do so, and seeks to further profit from facilitating such wanton telemarketing that the TCPA was expressly intended to prevent.

**ANSWER**: The allegations contained in paragraph 46 of the Complaint are denied as untrue.

47.    The text messages at issue were sent for non-emergency purposes.

**ANSWER**: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 47 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

48.    Upon information and belief, the text messages at issue were sent by Defendants voluntarily.

**ANSWER**: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 48 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or

falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

49.    The purpose of the text messages at issue was to advertise and to market Defendants' businesses or services.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 49 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

50.    Additionally, upon information and belief, Defendants also collect motivated seller consumer data and resells that information to investors, including by way of executing assignment contracts.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 50 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and,**

**therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

51.     As a result, Defendants either (1) solicited Plaintiff to sell her home to them at a discount in order for Defendants to resell or Plaintiff's home, or (2) solicited Plaintiff to submit their information to Defendants' lead generation service and, if Plaintiff expressed an interest in selling her home, Defendants would then sell that via an assignment contract to investors for a profit.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 51 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

52.     Plaintiff did not give Defendants prior express invitation or permission to send advertisement or marketing text messages to her cellular telephone number.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 52 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of**

this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

53.     Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

**ANSWER: The allegations contained in paragraph 53 of the Complaint are denied as untrue.**

54. Upon information and belief, Defendants knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 54 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

55.     Mr. Larson is the sole owner and manager of ROI, and, as detailed above, is intimately aware of, and controls, the outbound cold-calling operations of both ROI and, presumably, numerous other entities.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 55 of the Complaint, having insufficient information or**

page

**knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

56.     Mr. Larson also purported to send the text message at issue himself.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 56 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

57.     Therefore, Mr. Larson is the beneficiary of ROI's conduct, and upon information and belief, given his control of all aspects of ROI's operations, he also enacted ROI's campaign of telemarketing without obtaining consent.

**ANSWER: The allegations contained in paragraph 57 of the Complaint are denied as untrue.**

### Class Action Allegations

58.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as representatives of the following class (the "Class"):

All persons throughout the United States (1) to whom ROI Capital LLC or Matt Larson delivered, or caused to be delivered, more than one text message within a 12-month period, promoting ROI Capital LLC's, or their business partners' goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before ROI Capital LLC or Matt Larson delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**<u>ANSWER</u>: The allegations contained in paragraph 58 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 58 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

59.     Excluded from the Class are Defendants, ROI's officers and directors, members of their or Mr. Larson's immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

**ANSWER**: The allegations contained in paragraph 59 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 59 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

60.     Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

**ANSWER**: The allegations contained in paragraph 60 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 60 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

61.     The exact number of members of the Class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

**ANSWER**: The allegations contained in paragraph 61 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 61 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

62. The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

**ANSWER**: The allegations contained in paragraph 62 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 62 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

63. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be

identified in business records maintained by Defendants, and by third parties, including members of the Class.

**ANSWER: The allegations contained in paragraph 63 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 63 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

64. Plaintiff's claims are typical of the claims of the members of the Class.

**ANSWER: The allegations contained in paragraph 64 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 64 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

65. As they did for all members of the Class, Defendants sent solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her cellular telephone number with the DNC Registry.

**ANSWER: The best evidence of the contents of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendants do not accept and reserve the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendants neither admit nor deny the allegations contained in paragraph 65 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

66. Plaintiff's claims, and the claims of the members of the Class originate from the same conduct, practice, and procedure on the part of Defendants.

**ANSWER: The allegations contained in paragraph 66 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 66 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever**

**extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

67.    Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

**ANSWER: The allegations contained in paragraph 67 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 67 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

68.    Plaintiff suffered the same injuries as the members of the Class.

**ANSWER: The allegations contained in paragraph 68 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, the allegations contained in paragraph 68 of the Complaint are denied as untrue.**

69.    Plaintiff will fairly and adequately protect the interests of the members of the Class.

**ANSWER**: The allegations contained in paragraph 69 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 69 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

70.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

**ANSWER**: The allegations contained in paragraph 70 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 70 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

71.    Plaintiff will vigorously pursue the claims of the members of the Class.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 71 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

72.     Plaintiff has retained counsel experienced and competent in class action litigation.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 72 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

73.     Plaintiff's counsel will vigorously pursue this matter.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 73 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of**

this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

74.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

**ANSWER: Defendants neither admit nor deny the allegations contained in paragraph 74 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

75.     The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

**ANSWER: The allegations contained in paragraph 75 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 75 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

76.    Issues of law and fact common to all members of the Class include:

a.    Defendants' practice of sending text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

b.    Mr. Larson's responsibility and role in ROI's delivery of telemarketing text messages to telephone numbers already registered on the DNC Registry absent prior express written consent;

c.    Defendants' violations of the TCPA; and

d.    The availability of statutory penalties.

**ANSWER: The allegations contained in paragraph 76 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 76 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

77.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

**ANSWER**: The allegations contained in paragraph 77 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 77 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

78.    If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

**ANSWER**: The allegations contained in paragraph 78 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 78 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

79.    The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the

Class, and could substantially impair or impede their ability to protect their interests.

**ANSWER: The allegations contained in paragraph 79 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 79 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

80.    The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

**ANSWER: The allegations contained in paragraph 80 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 80 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever**

**extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

81.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

**ANSWER: The allegations contained in paragraph 81 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 81 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

82.     The damages suffered by the individual member of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

**ANSWER: The allegations contained in paragraph 82 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is**

**required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 82 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

83.    The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

**ANSWER: The allegations contained in paragraph 83 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 83 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

84.    There will be no extraordinary difficulty in the management of this action as a class action.

**ANSWER: The allegations contained in paragraph 84 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is**

**required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 84 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

85. Defendants acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**ANSWER: The allegations contained in paragraph 85 of the Complaint are denied as untrue.**

**Count I**
**Violation of 47 U.S.C. §§ 227(c)(5)**
**On behalf of the Class**

86. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-85.

**ANSWER: Defendants reassert their preceding answers to the Complaint as if fully set forth herein.**

87. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass

of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

**ANSWER: The allegations contained in paragraph 87 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 87 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

88.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**ANSWER: The allegations contained in paragraph 88 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 88 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity**

of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

89.    Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**ANSWER: The allegations contained in paragraph 89 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 89 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.**

90.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

**ANSWER**: The allegations contained in paragraph 90 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendants neither admit nor deny the allegations contained in paragraph 90 of the Complaint, having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leave Plaintiff to her proofs. To whatever extent the allegations of this paragraph do or may suggest any wrongdoing by Defendants, they are denied as untrue.

91.    ROI violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER**: The allegations contained in paragraph 91 of the Complaint are denied as untrue.

92. ROI violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

**ANSWER**: The allegations contained in paragraph 92 of the Complaint are denied as untrue.

92.     Additionally, as the manager, operator, and owner of ROI, and given that Mr. Larson personally handles purchase and sale transactions tied to ROI's real estate telemarketing campaigns, and purports to be the sender of the text messages at issue, Mr. Larson directed and controlled ROI's decision to deliver telemarketing text messages to Plaintiff's cellular telephone number without prior express written consent, and despite its registry on the DNC Registry.

**ANSWER: The allegations contained in paragraph 93 of the Complaint are denied as untrue.**

93.     As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

**ANSWER: The allegations contained in paragraph 94 of the Complaint are denied as untrue.**

**WHEREFORE**, **Defendants respectfully request the Court enter a judgment of no cause of action in their favor and against Plaintiff, award Defendants their costs and attorney fees for having to defend this action, and grant Defendants any other relief this Court deems just and proper.**

Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH, PC
Attorneys for Defendants

Dated: August 15, 2025          By:     s/ Brandon M. H. Schumacher
                                        Brandon M. H. Schumacher (P82930)
                                        Destiny R. Hughes (P87034)
                                        313 S. Washington Square
                                        Lansing, MI 48933
                                        (517) 371-8255
                                        bschumacher@fosterswift.com
                                        dhughes@fosterswift.com

## AFFIRMATIVE DEFENSES

Defendants state that they may rely on the following affirmative defenses at trial:

1.    Plaintiff's claims are or may be barred, in whole or in part, for failure to state a claim for which relief can be granted.

2.    Plaintiff's claims are or may be barred, in whole or in part, due to unclean hands.

3.    Plaintiff's claims are or may be barred, in whole or in part, due to estoppel.

4.    Plaintiff's claims are or may be barred, in whole or in part, due to waiver.

5.    Plaintiff's claims are or may be barred, in whole or in part, due to acquiescence.

48

6.      Plaintiff's claims are or may be barred, in whole or in part, due to a bona fide error.

7.      Plaintiff's claims are or may be barred, in whole or in part, due to an adequate remedy at law.

8.      Plaintiff's claims are or may be barred, in whole or in part, due to exclusivity of remedy.

9.      Plaintiff's claims are or may be barred, in whole or in part, due to absence of or failure to meet elements under the Telephone Consumer Protection Act or its state law equivalent and associated regulations or law.

10.     Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff lacks standing, in part because they welcomed the phone calls, were not annoyed, suffered no nuisance, and did not suffer any injury.

11.     Plaintiff's claims are or may be barred, in whole or in part, due to consent.

12.     Plaintiff's claims are or may be barred, in whole or in part, due to any applicable safe harbor provisions.

13.     Plaintiff's claims are or may be barred, in whole or in part, by any applicable statute of frauds.

14.    Plaintiff's claims are or may be barred, in whole or in part, because any alleged damages are attributable to others who are not Defendants.

15.    Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff failed to mitigate her damages.

16.    Plaintiff's claims are or may be barred, in whole or in part, because of lack of causation.

17.    Plaintiff's claims are or may be barred, in whole or in part, due to lack of damages.

18.    Plaintiff's claims are or may be barred, in whole or in part, because Defendant is not the real party at fault.

19.    Plaintiff's claims are or may be barred, in whole or in part, because they fail to satisfy all conditions precedent and necessary to maintaining their claims including, but not limited to, standing or damages.

20.    Plaintiff's claims for treble damages are or may be barred, in whole or in part, because Defendants did not knowingly or willfully engage in any unlawful conduct or in any way violate the TCPA.

21.    Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff welcomed the alleged communications and suffered no injuries therefrom.

22.    Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff fails to sufficiently allege that a class action is proper or appropriate and because Plaintiff fails to satisfy the prerequisites under Rule 23 of the Federal Rules of Civil Procedure.

23.    Defendants complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are or may be barred, in whole or in part, by Defendants' compliance.

24.    Plaintiff's claims are or may be barred, in whole or in part, because the TCPA, within the context of a class action, is violative of Defendants' constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

25.    Maintenance of this Action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual

plaintiff to bring suit on his own behalf . . . A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements." *See Forman v. Data Transfer*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

26.    Plaintiff's claims are or may be barred, in whole or in part, because Defendant did not use an automatic telephone dialing system as defined under the TCPA and the Eleventh Circuit's decision in *Melanie Glasser v. Hilton Grand Vacations Company, LLC*, No. 18-14499 (11th Cir. Jan. 27, 2020).

27.    The TCPA does not prohibit communications to be made to persons who have given consent to be called or who have opted in whether through clicking on websites, checking boxes, visiting websites, registering on websites, written or verbal statements, or otherwise. As such, Plaintiff's claims are or may be barred, in whole or in part.

28.    Plaintiff's claims are or may be barred, in whole or in part, by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiffs' claims may be barred by one or more of the affirmative defenses not specifically cited above, Defendants incorporate all such defenses set forth in, or contemplated by, Rule 8(c).

29.     Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff was not charged for the alleged communications. See 47 U.S.C. § 227(b)(1)(A)(iii).

30.     Some or all of Plaintiff's claims should be barred for lack of standing due to the absence of the requisite injury necessary to possess the required standing.

31.     Plaintiff's Complaint contains insufficient information to permit Defendants to raise all of their potentially appropriate defenses.

32.     Plaintiff's Complaint may be barred because the potential recovery is *de minimis*.

33.     Defendants reserve the right to amend these affirmative defenses as the case progresses.

Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH, PC
Attorneys for Defendants

Dated: August 15, 2025          By:     s/ Brandon M. H. Schumacher
                                        Brandon M. H. Schumacher (P82930)
                                        Destiny R. Hughes (P87034)
                                        313 S. Washington Square
                                        Lansing, MI 48933
                                        (517) 371-8255
                                        bschumacher@fosterswift.com
                                        dhughes@fosterswift.com

**RELIANCE ON JURY DEMAND**

Defendants rely on the Jury Demand filed by Plaintiff in this matter.

Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH, PC
Attorneys for Defendants

Dated: August 15, 2025          By:   s/ Brandon M. H. Schumacher
                                      Brandon M. H. Schumacher (P82930)
                                      Destiny R. Hughes (P87034)
                                      313 S. Washington Square
                                      Lansing, MI 48933
                                      (517) 371-8255
                                      bschumacher@fosterswift.com
                                      dhughes@fosterswift.com